IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FLORA WILSON                                                                                            PLAINTIFF

vs.                                            Civil No. 4:13-cv-04083

CAROLYN COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Flora Wilson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on December 3, 2009.  (Tr. 147-157). Plaintiff alleged she was disabled due to a herniated disc, arthritis, and depression.  (Tr. 187). Plaintiff alleged an onset date of July1, 2009.  (Tr. 187).  These applications were denied initially and again upon reconsideration.  (Tr. 66-77).  Thereafter, Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

hearing on her applications and this hearing request was granted. (Tr. 78).

Plaintiff's administrative hearing was held on October 18, 2011. (Tr. 31-52). Plaintiff was present and was represented by counsel, Julie Roper, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Charles Turner testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-five (35) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), had a ninth grade education and obtained a GED. (Tr. 36, 38).

On February 24, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 17-25). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2009, her alleged onset date. (Tr. 19, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of a back and spine disorder. (Tr. 19, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except she should avoid overhead reaching. (Tr. 21, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ found Plaintiff was able to perform her PRW as a waitress. *Id.* Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 1, 2009 through the date of

his decision. (Tr. 25, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 13). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On September 10, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 10, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, (C) in failing to properly consider Plaintiff's complaints of pain, and (D) in failing to present a proper hypothetical to the VE.  ECF No. 12, Pgs. 9-18.  In

response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included a back and spine disorder. (Tr. 19, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02(a) for major dysfunction of a joint and Listing 1.04 for disorders of the spine. ECF No. 12, Pgs. 9-12. Defendant argues Plaintiff has failed to establish she meets theses Listings. ECF No. 13, Pgs. 12-15.

Impairments found under Listing 1.02(A) for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A).

> A listing under 1.04(C) for disorders of the spine, requires evidence of:
>
>> disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician

prescribed these items. In fact, medical evidence showed Plaintiff could occasionally climb stairs, ramps, ladders, and scaffolds, and could balance, stoop, kneel, crouch, and crawl; was able to shop and travel without assistance, ambulate without a wheelchair, walker, or two canes, or two crutches; and could walk a block at a reasonable pace on rough or uneven surface. (Tr. 422-424). Also, Plaintiff's cervical disc disease showed no cervical radiculopathy, no evidence of cervical myelopathy, and no demonstrated neurological deficits. (Tr. 413).

Additionally, Listing 1.04 requires medical evidence of nerve root compression, sensory or reflex loss, and a positive straight-leg raising test. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Plaintiff has failed to provide medical evidence that documents the criteria for the listed impairment are met.

Plaintiff also argues she meets Listing 12.04 for Affective Disorders and 12.06 for Anxiety-related Disorders. ECF No. 12, Pg. 12-14. To be disabled under these Listings, the requirements of both subsection A and B of the Listings in question must be met. 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04, 12.06. In this matter, the ALJ correctly determined that Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment. (Tr. 20-21). The "B" criteria require at least two of the following:

> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B).

To begin with, Plaintiff has failed to present medical evidence to support her allegation that she meets a Listing. Further, the ALJ properly determined Plaintiff had no limitations to her daily

7

activities, social functioning and ability to maintain concentration, persistence, and pace. (Tr. 20-21). These findings were supported by medical findings of Plaintiff which showed her mood as euthymic on two occasions and her affect as spontaneous, and a conclusion that her disability status should be determined solely by reference to the physical findings (Tr. 354, 357, 361). Finally, neither the record medical evidence, nor Plaintiff's testimony, show Plaintiff experienced repeated episodes of deterioration or decompensation in work. Substantial evidence supports the ALJ's finding that Plaintiff experienced no repeated episodes of deterioration or decompensation in work. (Tr. 21).

The Plaintiff failed to establish the presence of the "C" criteria of Listing 12.04. The "C" criteria under Listing 12.04 require the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).

The record did not contain a medically documented history of chronic affective disorder of at least two years' duration that has caused more than a minimal limitation in the claimant's ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support. Also, there was no medical evidence in the record showing Plaintiff had repeated episodes of decompensation; a residual disease process that has resulted in such marginal

adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### **B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except

she should avoid overhead reaching. (Tr. 21, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 14-16. However, substantial evidence supports the ALJ's RFC determination.

Although Plaintiff maintains low back pain as a basis for her alleged disability, the ALJ correctly found there were no objective findings, except for some fairly mild limitations in her range of motion, supporting her claim. (Tr. 24). On March 13, 2008, Plaintiff was seen by Dr. Juliana Gaeta with mostly upper back pain with no paresthesias or weakness. (Tr. 238). Plaintiff indicated she had been in a car accident five years earlier and as a result, experienced chronic back pain. *Id.* On February 4, 2009, Plaintiff had a cervical MRI which showed disk space narrowing at C5 - 6 and C6 - 7, with no cervical cord signal abnormality noted. (Tr. 243). Also, Plaintiff's lower level cervical disks appeared normal, however, C5 - 6 revealed lobulated central/left paracentral disc herniation with severe stenosis with flattening of the cord, and at least mild bilateral foraminal narrowing. *Id.*

On April 17, 2009, Plaintiff was seen Dr. Karsten Fryburg for a neurosurgical consultation. (Tr. 412-413). Dr. Fryburg indicated Plaintiff had no radicular pain in the upper extremities, no pain on the Valsalva maneuver, and no difficulty with coordination. (Tr. 412). Plaintiff had fully normal strength 5/5 in both her upper arms and in her lower extremities. (Tr. 413). Dr. Fryburg described Plaintiff's disk disease as "moderate disk bulges" at C5 - 6, and C6 - 7 causing moderate cervical spinal stenosis with no instability. *Id.* Dr. Fryburg also found Plaintiff had no radiculopathy or myelopathy and was not a surgical candidate. *Id.*

Dr. Jerry Thomas prepared a Physical RFC Assessment on Plaintiff on January 13, 2010. (Tr. 398 - 405). Dr. Thomas found Plaintiff's medical record was consistent with the ability to perform light work activity on a sustained basis with a restriction against overhead work. *Id.* On January 28,

2010, Dr. Bill Payne agreed with the findings of Dr. Thomas. (Tr. 411).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing light work except cannot reach overhead. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 12. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 13, Pages 15-17.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

11

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 22-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities

comparable to those described by Plaintiff, (4) Plaintiff has not required regular treatment for any impairment, and (5) Plaintiff stopped working because she moved and not because of an impairment. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's .3d at 768-769.

### D. Step 4 Findings

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a waitress. This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox,* 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform light work except she should avoid reaching overhead. (Tr. 21, Finding 5). The ALJ went on to find Plaintiff's PRW as a waitress did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 24). As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision. (Tr. 25). Plaintiff argues the ALJ erred in his step four determination because the hypothetical question did not account for all of Plaintiff's limitations and the exertional requirements for Plaintiff's PRW exceeded her RFC.

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW as a waitress. (Tr. 47-49). In response, the VE testified Plaintiff's work as a waitress was light. *Id.* The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform her PRW. *Id.* In response to the ALJ's hypothetical question, the VE testified Plaintiff could perform her PRW as a waitress. Id.

There is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable of performing her PRW as a waitress.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of August 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE